GENERAL ANILINE & FILM CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

No. 73.

Circuit Court of Appeals, Second Circuit.

Jan. 3, 1944.

Martin Saxe and Roger H. Anderson, both of New York City, and Edward F. Colladay and Wilton H. Wallace, both of Washington, D. C. (W. Brown Morton and W. Peters Blanc, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Newton K. Fox, all of Washington, D. C., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We incline strongly to the belief that title to the patents passed to petitioner. Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577.[2] However, the passing of title does not preclude the existence of royalties. But the crucial question here is whether the royalties are income to I. G. within the meaning of this tax statute. Under one of the contracts, a lump sum payment was made for the assignment. Such a payment is clearly not covered by the statute. The same would be true as to the other four contracts if the consideration had been payable in installments, none of which was contingent upon future profits. Under each of those four contracts a down payment was made which cannot as a matter of law be recovered by petitioner even if the profits derived by it from the patents never equal the amount

[2] It seems to us to be of no significance, with respect to the transfer of the title, whether, when a patent is assigned (a) the assignee simultaneously grants a license to the assignor or (b) the assignor reserves a license; such differences in form would seem to be immaterial. Nor does it seem to us important, in such a context, that the assignor, before making the assignment, had granted to others some rights under the patent.

of the initial payment; as those payments are not contingent upon future profits they are outside the statute. We need not now decide whether the future payments, under those four contracts, which depend wholly upon future profits, must be treated otherwise.[3]

Reversed.

---

[3] As the decision of the Tax Court turned on "a clear-cut mistake of law," Dobson v. Commissioner, December 20, 1943, 64 S. Ct. 239, and Commissioner v. Heininger, December 20, 1943, 64 S.Ct. 249, are not applicable.